An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS MCCORMICK,
Petitioner,
vs.
THE FIFTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF NYE;
AND THE HONORABLE KIMBERLY A.
WANKER, DISTRICT JUDGE,
Respondents,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 63726



FILED

SEP 1 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition for a writ of mandamus or prohibition requests this court to vacate the district court's ruling denying petitioner's motion to correct an illegal sentence and direct the district court to exercise its discretion in sentencing him under NRS 176.045(1) (providing the district court discretion to impose a sentence to run concurrently or consecutively to sentences imposed in other criminal cases). We have considered the petition and the supporting documents, and we are not satisfied that this court's intervention by way of extraordinary writ is warranted.

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion, *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601,

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27724

603-04, 637 P.2d 534, 536 (1981).[1]  A petition for extraordinary relief is addressed to the sound discretion of the court. *State ex rel. Dep't Transp. v. Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983).  A writ of mandamus will not issue, however, if petitioner has a plain, speedy and adequate remedy in the ordinary course of law.  NRS 34.170.  In this instance, petitioner has other adequate legal remedies to seek relief.  Namely, he could have challenged the district court's sentencing decision on appeal from the judgment of conviction, as the allegations of error raised here were known at the time of sentencing; he could have appealed the district court's denial of his motion to correct an illegal sentence; and he may pursue post-conviction habeas relief.[2]  Accordingly, we deny the petition. *See* NRAP 21(b).

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[1]In the alternative, petitioner seeks a writ of prohibition.  Because the district court had jurisdiction to consider petitioner's motion to correct an illegal sentence and he did not challenge the district court's jurisdiction to proceed, prohibition is not an appropriate avenue for relief. *See* NRS 34.320.

[2]We express no opinion as to whether petitioner can overcome any applicable procedural bars in pursuing post-conviction habeas relief. *See, e.g.*, NRS 34.726(1).

cc: Hon. Kimberly A. Wanker, District Judge
Pitaro & Fumo, Chtd.
Nye County District Attorney
Attorney General/Carson City
Nye County Clerk